UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLAY JAMES AND LISA JAMES<br>Plaintiffs | * <br> * <br> * | CIVIL ACTION NO. |
| VERSUS | * <br> * | JUDGE: |
| LIBERTY PERSONAL INSURANCE COMPANY<br>Defendant | * <br> * <br> * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### LIBERTY PERSONAL INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Liberty Personal Insurance Company, ("Liberty") respectfully removes to this Court the state court action described below:

### INTRODUCTION

1. On March 18, 2022, Plaintiffs Clay James and Lisa James ("Plaintiffs") commenced this action seeking to recover for alleged hurricane-related damages to their residential property located at 1303 N. General Pershing St., Hammond, Louisiana 70401. *See* State Court Record, attached as Exhibit A, *in globo*.

2. The Petition for Damages ("Petition") names Liberty Personal Insurance Company, a diverse, non-Louisiana citizen, as the only defendant. Petition at ¶ 1.

3. Plaintiffs allege that their property sustained damage during Hurricane Ida on August 29, 2021. Petition at ¶¶ 4-6.

4. Plaintiffs allege that Liberty provided a policy of insurance that provides coverage for the alleged property damage. Petition at ¶ 3. Liberty disputes coverage.

5. This action was filed in the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, and captioned *Clay and Lisa James v. Liberty Mutual Insurance Company*, No. 20220000750, Division "C".

6. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount in controversy for Plaintiffs' claims exceed the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

7. The 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana is a state court within the Eastern District of Louisiana.

8. Liberty has attached all pleadings and service returns filed in the record of the state court proceeding. *See* State Court Record, attached as Exhibit A, *in globo*.

## REMOVAL IS TIMELY

9. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

10. Liberty was served with the Petition on May 19, 2022, and its removal is filed within thirty days after service. *See* Notice of Service of Process, Exhibit A.

## DIVERSITY JURISDITION

11. This Court has original diversity jurisdiction over Plaintiffs' claims because the parties are completely diverse and because the alleged damages exceed the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

### *The Parties Are Completely Diverse*

12. Plaintiffs are domiciled in the Parish of Tangipahoa, State of Louisiana. Petition at unnumbered paragraph beginning with "The petition of Clay and Lisa James." Accordingly, Plaintiffs are citizens of Louisiana.

13. Liberty is a nongovernmental corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* Liberty's Louisiana Department of Insurance Profile, attached as Exhibit B. Accordingly, Liberty is a citizen of New Hampshire and Massachusetts for purposes of diversity jurisdiction.

14. Complete diversity of citizenship exists between Plaintiffs and Liberty.

### *The Amount in Controversy Exceeds $75,000.00*

15. Liberty, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the Petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54. Because the Petition is silent to the exact amount in controversy, Liberty must set forth summary-judgment-type evidence of facts in controversy to a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

16. This Court has held that a plaintiff's pre-petition settlement demand letter constitutes summary-judgment-type evidence of the amount in controversy at the time of removal. *See Creppel v. Fred's Stores of Tn., Inc.*, No. 13-734, 2013 WL 3490927, at *3 (E.D. La. July 10, 2013) (holding that the defendant satisfied its burden of proving through

summary-judgment-type evidence that the amount in controversy likely exceeded the jurisdictional minimum based on a copy of a settlement demand letter that plaintiff's counsel sent to the defendant approximately two months before filing suit in state court); *see also Carver v. Wal-Mart Stores, Inc.*, No. 08-42-M2, 2008 WL 2050987, at *2 (M.D. La. May 13, 2008) (noting that, although the Fifth Circuit "has not conclusively addressed the issue of whether a pre-petition settlement demand letter can be considered as relevant evidence of the amount in controversy, it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.").

17. Prior to suit, on December 9, 2021, Plaintiffs submitted a demand letter requesting that Liberty tender $144,565.23 under Plaintiffs' dwelling coverage and $3,449.19 under Plaintiffs' other structures coverage based on an estimate obtained from Property Damage Consultants, LLC. *See* Letter from Christopher J. Edwards, Jr. to Liberty with Enclosures, dated December 9, 2021, attached hereto as Exhibit C. Plaintiffs' demand letter included a copy of the Property Damage Consultants' estimate, which values Plaintiffs' net dwelling claim at $151,253.58 and net other structures claim at $3,449.19. *See* Exhibit C at 33-34.[1]

18. To date, Liberty has issued $9,059.87 in payments to Plaintiffs for covered damage: $8,225.01 for dwelling, and $834.86 for other structures. The difference between Plaintiffs' total pre-petition demand ($148,014.42) and Liberty's prior payments ($9,059.87) equals $138,954.55. Accordingly, the amount in controversy related to the alleged property damage is at least $138,954.55, which exceeds the jurisdictional threshold of 28 U.S.C. § 1332.

---

[1] Using CM/ECF pagination.

19. Furthermore, in addition to the $138,954.55 in controversy related to the alleged property damage sustained during the hurricane, Plaintiffs also allege that Liberty is liable for bad faith penalties and attorneys' fees. *See* Petition at ¶¶ 14-15.

20. Under Louisiana law, bad faith penalties are assessed in accordance with Louisiana Revised Statutes 22:1892 and 22:1973. The penalty assessed under La. Rev. Stat. § 22:1973 when an insurer has breached its statutory duty of good faith and fair dealing is to be "an amount not to exceed **two times the damages** sustained or five thousand dollars, whichever is greater." La. Rev. Stat. § 22:1973(C) (emphasis added). The penalty assessed under La. Rev. Stat. § 22:1892 when an insurer is **fifty percent** of the difference between the amount paid and the amount found to be due, as well as attorneys' fees. La. Rev. Stat. § 22:1892(B)(1) (emphasis added). Accordingly, Plaintiffs seek to recover double the damages sustained of and/or fifty percent of the amount Plaintiffs allege is due ($148,014.42) plus attorneys' fees.

21. Penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. *See Manguno*, 276 F.3d at 723 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co*., No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied.").

22. Accordingly, the penalties requested in this case swell the amount in controversy for Plaintiffs claim well beyond the $138,954.55 in controversy related to the alleged property damage.

## **CONCLUSION**

23. In sum, there exists complete diversity of citizenship between Plaintiffs, on the one hand, and Liberty, on the other, and the amount in controversy totals at least $138,954.55, in addition to penalties and attorneys' fees under La. Rev. Stat. § 22:1892 and § 22:1973. Because Plaintiffs'

pre-petition settlement demand letter constitutes summary-judgment-type evidence that the amount in controversy exceeds $75,000.00, this Court has original jurisdiction under 28 U.S.C. § 1332 and § 1441. Accordingly, Liberty respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

                Respectfully submitted,

                */s/ Arianna E. de Goede*
                H. Minor Pipes, III, 24603 (T.A.)
                Katherine L. Swartout, 36694
                Arianna E. de Goede, 37654
                PIPES | MILES | BECKMAN, LLC
                1100 Poydras Street, Suite 1800
                New Orleans, Louisiana 70163
                Telephone: (504) 322-7070
                Facsimile: (504) 322-7520
                mpipes@pipesmiles.com
                kswartout@pipesmiles.com
                adegoede@pipesmiles.com

                *Attorneys for Liberty Personal Insurance Company*